# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1980

_____

United States of America,     *
    *
         Appellee,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Northern District of Iowa.
Eugene Davis,     *
    *      [UNPUBLISHED]
        Appellant.     *

_____

Submitted: October 18, 2010
Filed: March 30, 2011

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eugene Davis pleaded guilty to possession of a sawed-off shotgun by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and the district court[1] sentenced him to 210 months' imprisonment. He appeals, arguing that the district court erred in determining that his prior burglaries of commercial buildings constitute crimes of violence under the career offender provision of the Guidelines. We affirm.

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

## I. *Background*

Davis pleaded guilty to possession of a sawed-off shotgun by an armed career criminal, in violation of §§ 922(g)(1) and 924(e)(1). Davis admitted in his plea agreement that he had three prior burglary convictions, each of which constituted a "violent felony" under 18 U.S.C. § 924(e)(2)(B), and that he was an armed career criminal. His presentence investigation report (PSR) showed that his prior burglary convictions each involved the burglary of an automobile dealership. Davis did not object to these paragraphs of the PSR. But Davis did object to the PSR's application of U.S.S.G. § 4B1.2, maintaining that commercial burglary is not a "crime of violence" for purposes of the career offender provision. At sentencing, Davis's counsel acknowledged that "the Eighth Circuit Court of Appeals has defined the 'commercial burglary' as a crime of violence for that—for the purposes of career offender." Counsel advised the district court that he was "simply including that argument to preserve that issue for appeal." The district court overruled Davis's objection.

## II. *Discussion*

Davis's argument that the district court incorrectly determined that burglary of a commercial building constitutes a crime of violence under the career offender provisions of the Guidelines has been decided conclusively to the contrary. *United States v. Stymiest*, 581 F.3d 759, 768–69 (8th Cir. 2009) (holding that *Begay v. United States*, 553 U.S. 137 (2008), does not alter this court's prior decisions that generic burglary—including burglary of a commercial building—constitutes a crime of violence). Our circuit authority regarding burglary of commercial buildings remains unchanged after *Begay*. *United States v. Haas*, 623 F.3d 1214, 1220 n.6 (8th Cir. 2010) (citing *Stymiest*, 581 F.3d at 768–69).

## III. *Conclusion*

Accordingly, we affirm the district court's judgment.

_____